CASSIDY COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9368.   Promulgated March 23, 1928.

*Willard N. Baylis, Esq.*, and *P. A. Galleher, Esq.*, for the petitioner.
*Harry LeRoy Jones, Esq.*, for the respondent.

191

OPINION.

MILLIKEN : At the hearing, it was conceded by both petitioner and respondent that the only question submitted to the Board was what was the fair market value of the assets acquired by petitioner from the bankrupt corporation by reason of petitioner's assumption of the bid of Wm. J. Matheson. On this point the only evidence introduced was an appraisal of the assets of the bankrupt and the testimony of Herman Plaut, one of the appraisers. This appraisal was made pending the bankruptcy proceedings, probably in January, 1919. The appraisal placed the value of all the assets of the bankrupt, exclusive of money held by the receiver, at $212,034.22.

Plaut had engaged in the same business as the bankrupt and in the same locality for over forty years. His customers and the bankrupt's customers were, to a large extent, the same. He was one of the bankrupt's most formidable competitors. He had frequently acted as appraiser in cases of bankruptcy of similar businesses, and had several times been employed as an expert witness in cases requiring knowledge of such business, among such employments being one by the State of Pennsylvania in the litigation over its capitol at Harrisburg. He had no interest in the bankrupt corporation or in the petitioner corporation. He testified that each article

or asset, with the exception of certain patterns, dies and chucks, was valued separately. These patterns, dies and chucks were valued as a whole at $40,000. This amount was far less than their cost. These items were over 26,000 in number. Without such articles a business of this character could not be successfully conducted. Plaut testified that $40,000 was their minimum reasonable value. We see no reason to doubt the correctness of his testimony on this point. With reference to the value of the assets of the bankrupt, Plaut testified:

Q. What would you say was the actual market value of this property at that time, as shown in this exhibit No. 12, which excludes cash and includes all other assets which you were able to find in that corporation?

A. I should say that appraisal represents the minimum value of it at a forced sale, and it would be worth a great deal more to anybody who would continue the business thereafter, all under a lump sum.

Q. Will you tell us what is the market value under the conditions that you have given of those assets, excluding cash, at the time this appraisal was made?

A. $212,034.22.

While we have no doubt that the assets which were appraised had a fair market value equal to that shown by the appraisement, we do not know whether all the assets appraised were acquired by petitioner. The receiver continued the business and, of course, sold part of the assets and perhaps bought others. On this latter point, we are not informed. It may be, therefore, that the cash on hand, which was acquired by petitioner, resulted from the disposal of some of the assets appraised. On the whole, we are of the opinion that the fair market value of the assets including cash acquired by petitioner in exchange for its capital stock was $212,000. While it may appear peculiar that the amount we have found largely exceeds the amount bid at the bankruptcy sale, yet, as we said in *Markenheim Co.*, 1 B. T. A. 1240—

We see no reason to regard the receiver's sale or any other sale as more than evidence of value, and where, as in this appeal, the preponderance of the evidence is that the actual value was otherwise, the plain language of the statute must be followed and invested capital allowed on the basis of the actual value of the property paid in for stock.

See also *Nazareth Cement Co.*, 4 B. T. A. 1121.

The value which we have found, less the amount of obligations of receiver assumed by petitioner, should be included in petitioner's invested capital as of the date of its organization.

*Judgment will be entered on 15 days' notice, under Rule 50.*